**HAROLD VANTERPOOL, Plaintiff**

**v.**

**RICHARD SEIDL and the GOVERNMENT OF THE VIRGIN**

**ISLANDS, Defendants**

Civil No. 335-1967

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

January 15, 1968

ALPHONSO CHRISTIAN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

PETER J. O'DEA, ESQ., First Assistant Attorney General, *for Government, defendant*

WILLLIAM A. PALLME, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant, Richard Seidl*

MICHAEL, *Municipal Judge*

## OPINION

This case presents the interpretation of the provisions of 33 V.I.C. 2546,[1] with respect to the publication of notice

---

[1] After the levy of attachment the marshal shall proceed to advertise the property for sale. The advertisement shall be published at least twice a week for a period of three weeks in a newspaper of general circulation in the judicial division and jurisdiction in which the property is located, and notices to a similar effect shall also be posted in frequented public places therein.

of auction sale of real property for non-payment of taxes, and the question of the validity of a sale made by the Government of the Virgin Islands under sec. 2547.[2]

After hearing, the Court finds the essential facts to be as follows:

### FINDINGS OF FACT

1. The plaintiff, Harold Vanterpool, purchased a piece of property, No. 12 Hill Street, Kronprindsens Gade, St. Thomas, Virgin Islands, from Cleone Williams, nee Jacobs, for the sum of $3,000, and received a warranty deed dated February 3, 1964, which deed was recorded in the office of the Recorder of Deeds on the 10th day of March, 1964. On the deed there was a notation that the property did not owe any taxes to the Municipality of St. Thomas and St. John for the calendar year 1962.

2. Plaintiff paid taxes for the calendar years 1964 and 1965, but not for 1963, not having received a bill or other personal notice of the sale.

3. Pursuant to 33 V.I.C. sec. 2541(a), the marshal of the municipal court received the order from the Commissioner of Finance to proceed to collect the delinquent taxes by attachment and sale of the property of the delinquent taxpayer, and that the notice of attachment under sec. 2541 (b) contained all the information set forth therein, was posted, and pursuant to section 2542,[3] was recorded.

4. Notice of auction sale under section 2546 was advertised twice during three weeks, as follows:

---

[2] The time and place at which the auction sale shall take place shall be plainly stated in the advertisement and notice required by section 2546 of this title. At the expiration of the three weeks or as soon thereafter as may be practicable, the said property shall be sold by the marshal at public auction to the highest bidder.

[3] Whenever a certificate of attachment of real property in favor of the government of the Virgin Islands shall be presented for registration, the recorder of deeds shall record the same in the proper records against the property attached.

| | | | |
|---|---|---|---|
| Tuesday, | May | 10, | 1966 |
| Saturday, | " | 14, | " |
| Monday, | " | 16, | " |
| Friday, | " | 20, | " |
| Monday, | " | 23, | " |
| Tuesday, | " | 24, | " |

5. The sale of the property was made on May 27, 1966, a period of 17 days after its first publication.

6. The defendant, Richard Seidl, purchased the property for the sum of $600.00, for which he received a Certificate of Purchase dated June 17, 1966, which erroneously stated that the property was sold for delinquent taxes for the year "1964" instead of "1963". This error was corrected in an Amended Certificate of Purchase dated July 7, 1967 and recorded the same date, along with the previous Certificate of Purchase.

7. Upon seeing a "For Sale" sign on the parcel of land in July 1967, plaintiff enquired as to the reason therefor and was informed by the marshal of the municipal court that the property had been sold for non-payment of taxes for the calendar year 1963.

8. Plaintiff instituted action on July 20, 1967 for cancellation of the tax sale and for injunctive relief against further sale, as indicated by the "For Sale" sign.

9. Plaintiff in his Reply to Counterclaim of defendant Seidl, purchaser of the real property, offers to reimburse him in the event the Court finds in his favor.

It is the contention of the plaintiff that the sale was invalid, as it was made before the expiration of three "full" weeks, or 21 days.

The defendant Seidl argues that as purchaser of the property he was entitled to rely upon the regularity of the official acts of the marshal, and that the notice given by publication of the delinquent taxes was constitutionally

adequate, notwithstanding the publication was not in strict compliance with the statute. He cites the case of Ricardo v. Ambrose, 3 V.I. 482, wherein it was held that the assessment procedure is directory and not mandatory, as apparently controlling with respect to the collection of the tax.

He further argues that as a private purchaser at the tax sale he is not only entitled to rely upon the validity of the procedure, but if the right of redemption was not exercised pursuant to 33 V.I.C. sec. 2551,[4] title to the property vested in him absolutely. He also contends that while there is a procedure under 33 V.I.C. sec. 2553,[5] whereby a cancellation of a sale after the statutory period may be made when the Government was the purchaser, there is no such provision where the purchaser was a private party, thereby implying that no relief is available to the plaintiff.

The Government of the Virgin Islands, the other defendant, also argues that the provisions of 33 V.I.C. secs. 2546

[4] The marshal shall prepare, sign and deliver to the purchaser of any real property sold for the non-payment of taxes a certificate of purchase, which shall contain the name and residence of such purchaser, the date of the sale of said real property, the amount for which it is sold, a statement that said amount has been paid by the purchaser, the amount of taxes, penalties and costs, and such description of the property as is required by 2541 of this title, and the folio or volume wherein the property sold shall have been recorded, in case it has been so recorded. If the right of redemption provided for in subchapter IV of this chapter is not exercised within the time prescribed, said certificate when recorded in the office of the recorder of deeds, shall vest the title to said property absolutely in said purchaser, free from all mortgages, liens or other encumbrances. The certificate shall be prima facie evidence of the facts recited therein in any controversy, proceedings or action involving or concerning the rights of the purchaser, his heirs or assigns, to the property thereby conveyed. The purchaser, his heirs or assigns, may upon receipt of such certificate have the same duly recorded by the recorder of deeds upon the payment of a fee of $2.

[5] When any real property has been sold for non-payment of taxes and has been bid in the name of the government of the Virgin Islands and it is afterwards discovered that, for any reason such sale was irregular and that the owner of said property has been improperly deprived of his property the Commissioner of Finance shall have authority to cancel said sale and where necessary to issue a certificate of redemption which shall act as a reconveyance of the property to the owner or, his heirs or assigns, as the case may be, and the property shall remain subject to all liens and legal claims against it to the same extent and in the same manner as though said property had not been sold for taxes, and the recorder of deeds shall record the certificate of redemption without the payment of any fee for such service.

382

and 2547 are not jurisdictional and mandatory as the plaintiff contends, but rather directory, the latter being the "more modern and reasonable rule." Also, that the plaintiff had adequate constructive notice of the tax sale, and as a consequence the sale of the property four days before the period of three weeks was not prejudicial.

The pertinent language of the section under consideration with respect to notice of auction sale is as follows: "The advertisement shall be published at least twice a week for a *period* of three weeks." (Emphasis supplied.) "Statutes providing that notices shall be published for a *specified time must be strictly complied with.*" (Emphasis supplied.) 42 Am. Jur. sec. 100, p. 87. In the case at bar the statute provides for a specified time, to wit, "a period of three weeks."

While it is true that courts have arrived at different conclusions as to the provision requiring publication "once a week for four successive weeks" and other similar provisions, some holding that such provisions contemplate a full four weeks' publication, while others hold that it does not mean four weeks of seven days each (42 Am. Jur. 100 and cases cited), our statute contains the phrase "period of three weeks." It is the holding of this court that the word "period" is controlling.

This holding finds support in the provision of 33 V.I.C. sec. 2547, which states that ". . . At the *expiration* of the three weeks or soon thereafter as may be practicable, the said property shall be sold by the marshal of the municipal court at public auction to the highest bidder." (Emphasis supplied.) It is therefore apparent that the statute contemplates that a full three weeks or 21 days must elapse before the property can be sold for non-payment of taxes. These provisions are not directory, but mandatory and jurisdictional. Hence, the sale of the property before the expiration of the three weeks was invalid.

In the case of Early v. Doe Ex Dem. Homans, 16 Howard, U.S. 616, 14 L.Ed. 1079, at page 1082, the Supreme Court construed the language of the statute providing for publication of notices shall be ". . . once in each week, for at least twelve successive weeks . . .", meant ". . . a duration of the time that there is in twelve successive weeks, or eighty-four days."

Notwithstanding the above, even if it were held that the publication of notice of "twice a week for a period of three weeks" under 33 V.I.C. 2546 was complied with by it being published twice in each of three successive weeks, as the evidence shows, the *sale* under sec. 2547 *was not*. Both of these requirements are primary requisites, and the omission of either of them destroys the validity of the sale.

As the Supreme Court stated in Early v. Doe Ex Dem. Homans, supra, "An individual cannot be devested of his property against his consent until every *substantial requisite* of the law has been complied with." (Emphasis supplied.) It is the opinion of this court that the period of publication and the time of sale thereafter set forth in the statute *are* "substantial requisites".

Contrary to the argument of defendant Seidl that he is entitled as a private purchaser to rely upon the validity of the procedure, it was held in the said case of Early v. Doe Ex Dem. Homans, supra, that "The proof of the collector's proceedings devolves upon the person who claims under the collector's sale. . . A collector selling lands for taxes must act in conformity with the law from which his power is derived; and the purchaser is bound to inquire whether he has so acted. It is incumbent upon the vendee to prove authority to sell."

Also, in the case of Ronkendorff v. Taylor's Lessee, 4 Peters, U.S. 356, 7 L.Ed. 882, at page 885, the court stated: "No presumption can be raised in behalf of a collector who sells real estate for taxes, to cover radical defects

in his proceedings, and the proof of regularity in the procedure devolves upon the person who claims under the collector's sale." See also 51 Am. Jur. 1135, page 978 and sec. 1141, page 982, in which the rule of caveat emptor is applied to a purchaser at a tax sale.

With respect to the case of Ricardo v. Ambrose, 3 V.I. 482 cited by the defendant Seidl as apparently controlling, an analysis of each of the sections of the regulations upon which the plaintiffs in that case relied has to do with *Assessments*, which provisions the court held as directory, and pointed out that "For individual injustice which they or any of them may have suffered in respect to their assessments they . . . had their remedy by appeal to the Board of Review and from its decision to the district court under section 25 of the regulations with ultimate review de novo by this court." In this case the plaintiff has no such remedy at law and therefore seeks equitable relief.

In oral argument the defendants raised the defense of laches, but abandoned it in their briefs. Having found that immediately upon seeing the "For Sale" sign the plaintiff enquired as to the reason therefor, and upon being informed, brought suit, the defense of laches would not lie. However, the essence of laches is not merely lapse of time, but there must be also acquiescence in the alleged wrong. Southern P. Co. v. Bogert, 250 U.S. 483, 63 L.Ed 1099, 39 S.Ct. 533, Saclehner v. Eisner & M. Co. 179 U.S. 19, 45 L.Ed 60, 21 S.Ct. 7.

Having found that the advertisement of sale was not published "for a period of three weeks", and the sale was not made "At the expiration of the three weeks" as provided in 33 V.I.C. secs. 2546 and 2547, and having held that the said provisions are jurisdictional and substantial requisites, the court concludes that such holding is dispositive of the issue presented and it is not necessary to discuss further the points raised by defendants in their briefs.

An order will be entered in favor of the plaintiff and against the defendants canceling the Certificates of Purchase, conditioned upon the plaintiff paying to the defendant, Richard Seidl, the purchaser at the tax sale, the sum of $600, plus taxes, interest, costs and expenses of the property, with interest from the time of such payment, together with attorney's fee in amount of $150.00.